UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    vs.                                                                                                    3:24-cr-00170
                                                                                                                       (MAD)
PAUL GEER,

                          **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF THE<br>UNITED STATES ATTORNEY<br>100 South Clinton Street<br>Syracuse, New York 13261<br>Attorneys for the United States | ADRIAN LAROCHELLE, AUSA<br>JESSICA N. CARBONE, AUSA<br>MICHAEL D. GADARIAN, AUSA |
| OFFICE OF THE<br>FEDERAL PUBLIC DEFENDER<br>4 Clinton Square, 3rd Floor<br>Syracuse, New York 13202<br>Attorneys for Defendant | ANNE L. LAFEX, ESQ.<br>JAMES P. EGAN, ESQ.<br>LISA A. PEEBLES, ESQ. |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Following a jury trial in this Court, Defendant Paul Geer was convicted of coercion and enticement of minors (in violation of 18 U.S.C. § 2422), and transportation of minors with intent to engage in criminal sexual activity (in violation of 18 U.S.C. § 2423). Dkt. Nos. 71, 150. The jury found Defendant guilty of both crimes against two separate victims, known as V-1 and V-3, who were minors when Defendant committed the offenses in the 1990s and early 2000s. Dkt. No. 150. Thereafter, this Court sentenced Defendant to 327 months' imprisonment, followed by three

1

years of supervised release on each of the four convicted counts, to run concurrently.  Dkt. No. 195 at 2-3.

Both V-1 and V-3, now adults, have requested financial restitution.  Dkt. No. 187 at ¶ 198; Dkt. No. 187-1 at 1-10; Dkt. Nos. 210, 211.  Defendant has opposed the requests.  Dkt. No. 212.  V-1 requests $542,520 in restitution, to cover psychotherapy counseling, psychiatry services, and prescription expenses.  Dkt. No. 210 at 1.  Likewise, V-3 requests $164,495 in restitution, to cover counseling expenses, prescription expenses, and lost wages.  Dkt. No. 187-1 at 3.  Both victims' supporting documents are heavily redacted.

Accordingly, on December 29, 2025, the Court ordered the Government to furnish additional supporting documentation, including medication details, healthcare providers' names and credentials, and greater detail on the frequency and duration of treatment services to be covered by restitution payments.  Dkt. No. 216.  With respect to V-3, the Court also ordered citations to the trial transcript supporting his request for lost wages.  *Id.*  On January 12, 2026, the Government informed the Court that the victims would not disclose the additional information, Dkt. No. 217, leaving the Court with little evidence to inform a restitution calculation.

For the reasons stated herein, the Court declines to award restitution to either victim.

## II. BACKGROUND

For a recitation of the relevant facts, the parties are referred to the Court's Memorandum-Decision and Order dated February 10, 2025.  Dkt. No. 119.

## III. DISCUSSION

A.    **Statutory Authority**

As a threshold matter, the parties dispute the source of this Court's authority to award restitution.  Dkt. No. 211 at 1-3; Dkt. No. 212 at 1-3.  The Government argues that 18 U.S.C. §

3663A (also known as the "Mandatory Victims Restitution Act" or "MVRA") applies, Dkt. No. 211 at 1, which mandates restitution without consideration of a defendant's financial circumstances, *see* 18 U.S.C. §§ 3663A(a)(1), 3664(f)(1)(A).  U.S. Probation also references § 3663A in its discussion of restitution in the final presentence investigation report.  Dkt. No. 187 at ¶ 198.  Defendant, on the other hand, argues that 18 U.S.C. § 3663 applies and that restitution is therefore discretionary.  Dkt. No. 212 at 1.  As argued by the parties, the distinction between these two statutes turns on whether Defendant's crimes are considered "crimes of violence" within the meaning of the MVRA.  *See* Dkt. No. 211 at 2; Dkt. No. 212 at 2; 18 U.S.C. § 3663A(c)(1)(A)(i) (citing 18 U.S.C. § 16).

However, the Court need not reach that distinction.  Instead, the United States Code chapter containing the statutes under which Defendant was convicted includes its own section on restitution: 18 U.S.C. § 2429.[1]  That section, titled "Mandatory restitution," provides as follows: "Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter."  18 U.S.C. § 2429(a).  The statute requires payment of "the full amount of the victim's losses," and defines "victim" as "the individual harmed as a result of a crime under this chapter . . . ."  *Id.* §§ 2429(b)(1), (d).

---

[1] Very shortly before this Court's decision, the U.S. Supreme Court held that "[r]estitution under the MVRA is plainly criminal punishment for purposes of the Ex Post Facto Clause."  *Ellingburg v. United States*, 607 U.S. —, No. 24-482, 2026 WL 135982, *2 (Jan. 20, 2026).  The Supreme Court did not expressly extend that holding to restitution awarded under other statutes.  *See id.* at *2 n.2.  The Court acknowledges that § 2429 was enacted after Defendant committed his crimes against both V-1 and V-3, and the MVRA was enacted after Defendant committed his crimes against V-1.  However, because the Court declines to award restitution in this case, it does not opine further on the constitutionality of retroactively applying either restitution statute.

Furthermore, § 2429 states that orders of restitution pursuant to that section "shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A." *Id.* § 2429(b)(2). Under § 3664, Defendant must provide an affidavit describing his financial resources, financial needs, earning capacity, and other information as requested by the Court. *Id.* § 3664(d)(3). Although Defendant bears "[t]he burden of demonstrating [his] financial resources . . . and . . . financial needs[,]" the Government bears "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense . . . ." *Id.* § 3664(e). Furthermore, "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." *Id.*

The Court must determine the amount of restitution "without consideration of the economic circumstances of the defendant." *Id.* § 3664(f)(1)(A). However, when setting the manner and schedule of payment, the Court must consider "the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; . . . projected earnings and other income of the defendant; and . . . any financial obligations of the defendant . . . ." *Id.* § 3664(f)(2). Where multiple victims are due restitution, "the court may provide for a different payment schedule for each victim based on the type and amount of each victim's loss and accounting for the economic circumstances of each victim." *Id.* § 3664(i).

A restitution award must "be tied to the victim's actual, provable[] loss," *United States v. Kelly*, 128 F.4th 387, 428 (2d Cir. 2025) (quoting *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012)), and "the amount of restitution need only reflect a 'reasonable approximation of losses supported by a sound methodology[,]'" *id.* (quoting *United States v. Gushlak*, 728 F.3d 184, 196 (2d Cir. 2013)). "[M]ere conjecture or speculation" by the Court is insufficient. *Id.* at 429 (citing *United States v. Maynard*, 743 F.3d 374, 378 (2d Cir. 2014)). In other words, the Government

4

must meet its burden—a preponderance of the evidence—for the Court to award restitution. Despite use of the term "mandatory" in the governing statute, the Court need not award restitution if the Government fails to meet its burden. *See generally United States v. Steele*, 897 F.3d 606 (4th Cir. 2018) (acknowledging application of the MVRA to a postal theft case, but vacating the district court's restitution order because the Government failed to prove the victim's losses by a preponderance of the evidence).

**B.    Sufficiency of Supporting Documentation**

The Court recognizes the heinousness of Defendant's crimes against both victims and does not take lightly the profound harm they have suffered.  Notwithstanding, the Court must make reasoned restitution judgments in light of the supporting materials provided by the victims, which the Government acknowledges are heavily redacted.  *See* Dkt. No. 217.  For example, both victims request restitution for prescription costs, but the supporting documentation does not reveal the names of medications or prescribers.  *See* Dkt. No. 187-1 at 3; Dkt. No. 210 at 2-3.  Their papers are similarly nondescript regarding their requests for counseling and therapy costs. Although both victims estimate the number of sessions needed and the price per session, their supporting documentation is unverifiable because the providers' names and organizations are obscured.  *See* Dkt. No. 187-1 at 3-6, 8, 10; Dkt. No. 210 at 1-10.  Also, on V-3's request for restitution to cover lost wages, the Court cannot reasonably permit restitution without concrete corroboration of V-3's own approximated monetary figure.  Although V-3 provides an estimated hourly wage and number of hours lost, *see* Dkt. No. 187-1 at 3, 10, none of his supporting documents provide context for or explanation of these figures.

Based on the sparse, unverifiable supporting documentation from both victims, as well as their refusal to provide additional information to facilitate an informed and reasoned restitution

calculation, the Court holds that the Government has not met its burden with regard to either victim. The Court recognizes the possibility of ordering a restitution hearing in open court to further inform its decision, *see, e.g.*, *Kelly*, 128 F.4th at 407, 429; *United States v. Keelan*, 786 F.3d 865, 869 (11th Cir. 2015), but because the victims have already testified at trial and declined to provide more revealing documentary evidence as to restitution, the Court determines that a restitution hearing would be futile at this juncture.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons stated above, the Court hereby

**ORDERS** that both victims' restitution requests are **DENIED** due to inadequate supporting documentation; and the Court further

**ORDERS** entry of an amended judgment consistent with this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 23, 2026
      Albany, New York

*Mae A. D'Agostino*
U.S. District Judge